IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HERB KOZAK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-CV-352-JHP-TLW |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| NO. 1 OF TULSA COUNTY, | ) | |
| OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

Before the Court are Plaintiff's "Notice of Request to Amend Original Complaint" (Doc. No. 10), Plaintiff's "Request for Amendments to Original Plaintiff's Charges" (Doc. No. 14), and Plaintiff's "Request for a Ruling on the Motion to Amend" (Doc. No. 28). Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), seeks to amend his EEOC Complaint (Doc. No. 1) to add several new defendants and new causes of action. After consideration of the briefs, and for the reasons stated below, Plaintiff's request to amend is **DENIED**.

## **BACKGROUND**

Plaintiff originally filed suit on June 15, 2016, against Defendant Independent School District No. 1 of Tulsa County, Oklahoma ("School District"),[1] based on alleged wrongful termination that occurred on or about August 28, 2015. (Doc. No. 1). The EEOC Complaint alleges Plaintiff is a "[m]ixed race (White-Black)" man. (*Id.*). Plaintiff alleges "Tulsa Public Schools and its employees created a hostile workplace for me and conspired to wrongfully

---

[1] The School District was named in the Complaint (Doc. No. 1) as "Tulsa Public Schools." The School District filed a Notice of Party Name Correction on August 19, 2016 (Doc. No. 9), and in accordance with that notice, this Court corrected the party name for Tulsa Public Schools to "Independent School District No. 1 of Tulsa County, Oklahoma." Plaintiff has indicated he has no objection to the name correction (Doc. No. 29, at 1).

1

terminate me because of my mixed race ethnicity." (*Id.*). Plaintiff attaches a "right to sue" letter from the EEOC. The School District filed an Answer to the Complaint on August 19, 2016. (Doc. No. 8).

On September 6, 2016, Plaintiff filed a "Notice of Request to Amend Original Complaint" (Doc. No. 10), but he did not attach the proposed amendment. The filing was docketed as a Motion to Amend Complaint. On September 16, 2016, the School District filed a Response to the Motion to Amend, indicating it was not contacted by the Plaintiff regarding the proposed amendment nor did he provide any information to the School District about the proposed amendment. (Doc. No. 12). For those reasons, the School District declined to state a position with respect to the Motion to Amend.

On October 4, 2016, Plaintiff filed a "Request for Amendments to Original Plaintiff's Charges" (Doc. No. 14), which the Court docketed as a second Motion to Amend Complaint. In the proposed amendments, Plaintiff asks to add three defendants to the lawsuit: (1) School District Superintendent Deborah A. Gist, (2) Webster High School Principal Shelby Holman, and (3) Webster High School Assistant Principal Ryan Buell. It is unclear whether Plaintiff seeks to add these defendants in their official and/or their individual capacities. The proposed amendments also include a detailed "Facts" section and four causes of action. The First Cause of Action is alleged against the School District and Principal Holman for "purposefully announcing the Plai[n]tiff called into Webster High a bomb threat with the []intention of having the Plaintiff arrested and charged with a felony." (Doc. No. 14, ¶¶ 33-34, 36-44). The Second Cause of Action is alleged against Principal Holman and Assistant Principal Buell for "purposefully withholding from the Plaintiff his students' IEPs and forcing the Plaintiff to teach his students in a federally mandated unacceptable manner which could ultimately leave the Plainti[ff] and TPS

2

libel [sic]." (*Id*. ¶¶ 45-55). The Third Cause of Action is brought against Principal Holman and Assistant Principal Buell, alleging that "TPS and Webster High creat[ed] a hostile workplace for the Plaintiff" based on his mixed-race and age. (*Id.*, ¶¶ 4, 56, 65). Finally, Plaintiff's Fourth Cause of Action, brought against Superintendent Gist, alleges that his one-year contract with the School District was unjustly terminated. (*Id*., ¶¶ 57-61).

At a scheduling conference held on October 19, 2016, the Court granted the School District an extension of time to respond to the second Motion to Amend. (Doc. No. 17). On November 30, 2016, the School District filed an opposition to Plaintiff's request to amend his Complaint (Doc. No. 20). After Plaintiff failed to appear at a second scheduling conference held on December 28, 2016, the Court entered an order to show cause within fourteen days why the case should not be dismissed for failure to prosecute. (Doc. No. 23). Plaintiff responded to the Court's order to show cause on January 10, 2017 (Doc. No. 24), and on March 31, 2017, the Court found Plaintiff's response provided good cause (Doc. No. 27). On May 22, 2017, Plaintiff filed a "Request for Ruling" on his motion to amend. (Doc. No. 28). On May 23, 2017, Plaintiff filed a "Response to Defendant's Opposition to Plaintiff's Motion to Amend Complaint," in which he agrees to withdraw some of his proposed amendments. (Doc. No. 29). The Court has not yet entered a scheduling order in this case.

## DISCUSSION

### I. Applicable Legal Standard

Federal Rule of Civil Procedure 15 governs amendments to pleadings generally. Under Rule 15, a party is allowed to amend a pleading once "as a matter of course" within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),

(e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, "'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Bylin v. Billings,* 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Fed. R. Civ. P. 15(a)(2)). "The rule instructs courts to 'freely give leave when justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). The Rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997).

As the School District points out, Plaintiff's motions to amend present a procedural dilemma, because his first attempt to amend the Complaint, filed on September 6, 2016, was within the time frame allowed under Rule 15(a)(1)(B) to amend the Complaint "as a matter of course." However, the Court was unable to construe the amendment as one filed "as a matter of course," both because Plaintiff styled his filing as a "Notice of Request to Amend Original Complaint," and because Plaintiff failed to attach the amendments to the filing. (*See* Doc. No. 10). Plaintiff did not file his proposed amendments until October 4, 2016, which is outside of the period for amendment as a matter of course.

The Court finds it need not resolve the dilemma, however, because Plaintiff's proposed amendments, whenever filed, are subject to the requirements of the IFP statute, 28 U.S.C. §

1915. Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). [2] "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To prevent such abusive litigation, the statute requires federal courts to dismiss a case *sua sponte* that is filed IFP if, among other reasons, the action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000).

The standard to dismiss under § 1915(e)(2)(B)(ii) is the same as the standard used under Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). To withstand dismissal, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556.

The Court further notes that, while *pro se* pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, even *pro se* plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not

---

[2] The Court in *Neitzke* addressed the precursor to 28 U.S.C. § 1915(e)(2), which was 28 U.S.C. § 1915(d). However, the Tenth Circuit has cited *Neitzke* as setting forth the policy considerations underlying § 1915(e)(2). *See Trujillo v. Williams*, 465 F.3d 1210, 1216 & n.5 (10th Cir. 2006).

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## II. Plaintiff's Agreement to Withdraw Proposed Amendments

In his late-filed Reply to the School District's Response brief (Doc. No. 29), Plaintiff agrees to withdraw the majority of his proposed amendments. Specifically, Plaintiff agrees to withdraw his claims against Shelly Holman, Ryan Buell, and Deborah A. Gist "from any monetary damages." (*Id.* at 2). Because Plaintiff does not seek non-monetary relief from any of these proposed defendants in his proposed amended complaint, the Court construes Plaintiff's statement as a complete dismissal of these proposed defendants in both their individual and official capacities. Moreover, Plaintiff's proposed Second, Third, and Fourth Causes of Action are alleged against only Shelly Holman, Ryan Buell, and Deborah A. Gist. Therefore, these three causes of action are withdrawn in accordance with Plaintiff's agreement. Plaintiff's First Cause of Action against Shelly Holman is also deemed withdrawn.

Plaintiff further agrees to withdraw his age discrimination claim. (*Id.*). Plaintiff requests "simply that he be allowed to demonstrate in court that TPS attacked and fired him because of his race." (*Id.*). The Court accepts Plaintiff's withdrawal of this claim of age discrimination.

## III. Plaintiff's Proposed First Cause of Action Against the School District

Pursuant to Plaintiff's agreement to withdraw the bulk of his proposed amended causes of action, the only remaining proposed amended claim is the First Cause of Action against the School District. (Doc. No. 14, ¶¶ 33-34, 36-44). This claim pertains to an alleged bomb threat that was called in to Webster High School on August 31, 2015, while Plaintiff was on sick/personal leave. (*See* Doc. No. 14, ¶¶ 33-34). Plaintiff's proposed amendment suggests Webster High School employees fabricated the bomb threat and implicated Plaintiff as the caller.

It is unclear from Plaintiff's allegations exactly what claim he is attempting to raise against the School District, although it appears to be in the nature of a tort claim. However, as the School District points out, any tort claims alleged in the proposed amendments against the School District would be subject to dismissal, because Plaintiff has not pleaded compliance with the notice and filing provisions of the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 Okl. St. §§ 151 *et seq.* Under Sections 156 and 157 of the OGTCA, suits authorized by the OGTCA may only be maintained if valid written notice of a claim has been given to the political subdivision within one year of the alleged injury, and if the action is commenced within 180 days after denial of the claim. *See* 51 Okl. St. §§ 156-157.[3] Because compliance with the OGTCA is a jurisdictional prerequisite to a civil action brought under the statute, such compliance must be specifically alleged by a claimant in the complaint. *See Girdner v. Bd. of Comm'rs*, 227 P.3d 1111, 1115-16 (Okla. Ct. App. 2009) (collecting cases); *Sutherlin v. Indep. Sch. Dist. No. 40 of Nowata Cnty., Okla.*, 960 F. Supp. 2d 1254, 1269 (N.D. Okla. 2013).

Moreover, to the extent Plaintiff has not already submitted a tort claim notice to the School District, any attempt by Plaintiff to provide such notice at this point would be untimely. "A claim against the state or a political subdivision [within the scope of the OGTCA] shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs." 51 Okl. St. § 156(B). The Oklahoma Supreme Court has explained that "the notice provisions contained in the GTCA are to protect governmental interests by promoting prompt investigation, repair of dangerous conditions, [and] speedy settlement of meritorious claims, and to give the governmental entity time to meet possible fiscal liabilities." *Pellegrino v. State ex rel. Cameron Univ.*, 63 P.3d 535, 540 (Okla. 2003) (emphasis omitted). According to the proposed

---

[3] It is undisputed that the School District is a "political subdivision," which is subject to the notice provisions of the OGTCA. *See* 51 Okl. St. §152(11)(b) (defining "political subdivision" to include "a school district").

amendments, the alleged bomb threat occurred on August 31, 2015, Plaintiff was identified as a suspect shortly thereafter, and Plaintiff was informed he was no longer a suspect in the bomb threat on October 14, 2015. (Doc. No. 14, ¶¶ 34, 42, 43). Plaintiff's employment at the School District was terminated on October 14, 2015. (*Id.* ¶ 43). The time for compliance has already expired. Accordingly, this amendment to add a tort claim against the School District would be subject to dismissal for lack of jurisdiction and therefore futile. *See Spane v. Central Okla. Community Action Agency*, 346 P.3d 437, 440, 443 (Okla. Ct. App. 2015) (concluding trial court properly determined it lacked jurisdiction over tort claim of retaliatory discharge against political subdivision where plaintiff failed to comply with the OGTCA notice provisions).

Because Plaintiff's proposed amendments would be subject to dismissal, Plaintiff's motion to amend is denied.

## CONCLUSION

For the reasons detailed above, Plaintiff's request to amend the Complaint (Doc. Nos. 10, 14) is **DENIED.** Plaintiff's Motion for a Ruling (Doc. No. 28) is **MOOT**.

A scheduling conference is set for August 3, 2017 at 11:00 am. Failure to attend the scheduling conference may result in dismissal of the case.

*[signature]*
James H. Payne
United States District Judge
Northern District of Oklahoma